Case No. 15,919a.

UNITED STATES v. The ONACHITA.

[New York Times, Jan. 19, 1863.]

District Court, S. D. New York. Dec., 1862.

PRIZE — SPOLIATION OF PAPERS — VIOLATION OF BLOCKADE—CAPTURE BY UNAUTHORIZED VESSEL.

[1. Absence of log book, invoice, and bill of lading of a vessel captured off a blockaded coast, far out of the route of her ostensible voyage, after a long chase, and with a contraband cargo, furnishes a vehement presumption of the intentional destruction of the papers by the ship's company.]

[2. It cannot avail the claimant that the capturing vessel was herself a prize which had been placed in the service of the government before condemnation; for, if the captured vessel was violating the law, she is subject to trial and condemnation, whether the persons or means employed in making the seizure were authorized or not.]

[This was a libel against the steamer Onachita for an attempt to violate the blockade, etc.]

This vessel was captured, at sea, by the United States steamer Memphis, on Oct. 14, 1862. She was chased from 6 a. m. to 3 p. m., and in the chase threw overboard her entire cargo. Thomas S. Bagbie intervened in the cause, and alleged that he was a British subject. resident in London, and that the vessel was no prize, because the Memphis, which seized her, was a British merchant vessel, of which he himself was a part owner, and was unlawfully placed in the use of the United States before her condemnation, and is not yet finally condemned, the sentence against her being appealed to the circuit court. The vessel had on board a register to Bagbie, dated at London, Jan. 14. 1862, and an agreement, dated Aug. 4, 1862, with her master and crew, for a voyage from London to British North America, the American States, &c., &c., to final discharge in the United Kingdom. A letter to the master was also found on board, from Benj. W. Hart, giving instructions how to conduct his vessel to avoid the Yankee cruisers, and another letter to Bagbie, without signature or address, giving cautions about United States cruisers. There was also a memorandum of cargo on board, consisting wholly of contraband of war, dated Oct. 30, 1862, but without signature or place of execu-

tion. These papers were all that were found on board, but the master testified that when she left Bermuda she had on board a register, clearance, invoice of cargo, one bill of lading, and the letter of Hart, and the mate speaks of keeping a log. The vessel cleared at St. George's, Bermuda, on Sept. 30, 1862, bound for Havana. She was captured about 32° north lat. The master did not know the longitude, but supposed she was 150 to 200 miles off the coast. The mate supposed that the vessel was 50 or 100 miles off the coast.

HELD BY THE COURT [BETTS, District Judge]: That the vessel must have been wide of any reasonable route from Nassau to Havana. That the suspicion is impressive and cogent that the representation on her clearance that she was bound to Havana was simulated and false, and that she was so immediately in the course towards blockaded ports as to justify the presumption that she was attempting to enter one of them. That the absence of the log-book, invoice, and bill of lading, unexplained, furnishes vehement presumption of their intentional destruction or suppression by the ship's company. That her cargo was contraband of war, and her owner was part owner of the Memphis, recently condemned for violating the blockade. That the objection raised by the claimant to the right of the capturing vessel to make the seizure is of no weight. If the vessel arrested was acting in violation of public law, she was amenable to trial and condemnation therefor in behalf of the United States, whether the persons or means employed in making the seizure were authorized or not. It is enough that the government comes into a national court demanding the condemnation of an offender, and the court never inquires whether the party or thing proceeded against has been regularly or irregularly brought under attachment or complaint. The government is entitled to have the violated laws vindicated by the punishment of the offender, without questions as to the propriety of the acts or agencies used in bringing the offence to judgment. Vessel condemned and forfeited.

THE COURT also ordered the master's nautical instruments be not delivered to him, he being actively engaged in acts of hostility against the rights of the United States and against public law.